920

■ In the Matter of CECIL JOHNSON, Appellant, against COMMISSIONER OF THE DEPARTMENT OF CORRECTION OF THE STATE OF NEW YORK et al., Respondents.— Appeal from an order of the Supreme Court, Special Term, Albany County, which dismissed the petition in a proceeding under article 78 of the Civil Practice Act for an order directing respondents to permit appellant, an inmate of a State prison, additional privileges with respect to his correspondence with two children, who, according to the uncontroverted answering affidavit, are twins four or five years of age, of whom petitioner claims to be the father, and who were born out of wedlock to a woman who is now married. The respondent warden considered that past correspondence, ostensibly between appellant and the children, was a means taken by their mother and appellant to communicate with each other and to evade institutional regulations. The warden notified petitioner " that he will be permitted to receive greeting cards or notes from the children obviously in their own handwriting, but that he will not be permitted to receive letters signed with their names by their mother, or to send letters addressed to them in care of their mother or any other person not on the authorized mailing list." The Special Term correctly found no arbitrary or capricious action on the part of the respondents in the exercise of their administrative functions. Order affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of PIA CIANCA, on Behalf of Herself and Minor Children, Respondent, against REED GLASS CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was employed as a blacksmith and machinist in a glass manufacturing plant. Having no previous record of heart disease, he collapsed on August 11, 1952 while working at a hot oven in a maximum temperature of 90 degrees, with a reaction of headache, vomiting and other acute symptoms. Examination disclosed a very high blood pressure, and an electrocardiogram showed evidence of coronary insufficiency, but no evidence of occlusion or thrombosis. The next month, on September 27, while exerting pressure loosening a nut, he suffered other acute symptoms, attributed by medical testimony to cardiac difficulty. He worked later on another job without further trouble; but on November 23 he suffered a coronary occlusion, the diagnosis of which is not in dispute, and he was immediately hospitalized, where he remained until he died as a result of this condition on May 27. There is medical proof that the episodes of August 11 and September 27 had no causal relationship to the coronary attack on November 23; but there is other medical opinion which attributes a relationship to such attack of the two earlier incidents. One factor in support of this opinion of connective causation is the view that although decedent had no record of cardiac difficulty before August 11, all the electrocardiographs taken after that date showed coronary insufficiency, and that no such electrocardiograms were ever normal. From the evidence relating to the two incidents the board could have found as a fact that accidental causation was a factor in the physical development of the coronary occlusion of November 23. In support of this there is expressed medical theory and opinion that an affected heart muscle such as that disclosed by the August examination would more readily be susceptible to further damage of the kind demonstrated by the attack of November. The record thus gives support to the decision. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.